Shirley PERRY, Plaintiff—Appellant,

and

Cassandra Brew, Plaintiff,

v.

LOCKHEED MISSILES AND SPACE COMPANY, INC.; Lockheed Martin Missiles and Space Company, Inc., Defendants—Appellees.

No. 02–15858.

D.C. No. CV–98–20941–JW.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2003.*

Decided Sept. 30, 2003.

Shirley Perry, pro se, Las Vegas, NV, for Plaintiff–Appellant.

Anna E. Goodwin, Lockheed Missiles & Space Company, Litigation Counsel, Sunnyvale, CA, Gilmore F. Diekmann, Jr., Esq., Seyfarth Shaw, San Francisco, CA, for Defendants–Appellees.

Before O'SCANNLAIN and TASHIMA, Circuit Judges, and MATZ,** District Judge.

## MEMORANDUM ***

Appellant Shirley Perry ("Perry") alleges a pattern of discrimination and retaliation based on race and gender by her former employer, Appellee Lockheed Missiles and Space Co. ("Lockheed"). Perry alleges that Lockheed violated the California Fair Employment and Housing Act when it (1) failed to promote her; (2) failed adequately to compensate, evaluate and train her; (3) subjected her to "intolerable" working conditions leading to her

---

* The Panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable A. Howard Matz, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

constructive termination; and (4) retaliated against her for engaging in protected activities. She also alleges that (5) Lockheed's actions breached an implied covenant of good faith and fair dealing. Proceeding *in propria persona,* Perry appeals the district court's summary judgment ruling, entered on March 27, 2002, in Lockheed's favor.[1] After a careful review of the record, the Court concludes that no genuine issue of material fact exists and that the district court correctly applied the relevant substantive law in entering summary judgment in favor of Lockheed. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

### 1. Failure to Promote

Appellant alleges that she was passed over for promotions on account of her race and sex in the fall of 1991, the spring of 1994, the summer of 1996 and in March 1998. The district court did not err in holding that Perry had failed to submit evidence that Lockheed engaged in discriminatory behavior or that its reasons for promoting others instead of Perry were pretextual. Only one of Perry's allegations, Beauchamp's promotion in March 1998, falls within the statute of limitations. Perry failed to provide any evidence to rebut Lockheed's showing that Beauchamp was more qualified than she. The continuing violation doctrine cannot resurrect Perry's three other time-barred allegations and even if it could, Perry has failed to rebut Lockheed's showing that the people it promoted in those three instances were also more qualified than she.

### 2. Compensation, Evaluation and Training

The district court did not err in holding that Perry had failed to offer any evidence to support her claim that she was treated differently from similarly situated employees in the areas of compensation, evaluation and training. First, Perry did not provide any evidence that a similarly situated co-employee ever was paid more than she or received greater merit increases. Second, although she disagrees with some aspects of her performance evaluations, Perry provided no evidence that those evaluations were founded on discrimination. Finally, the evidence shows that Perry received nearly all of the training she requested.

### 3. Constructive Discharge

Perry alleged that "intolerable working conditions" caused by her heavy workloads forced her to take stress leave and ultimately to quit her employment. However, in her June 3, 1998 administrative complaint she did not allege that intolerable working conditions had forced her to resign. As a result, Perry's constructive termination claim is barred for failure to exhaust administrative remedies. Additionally, the undisputed evidence shows that Perry's co-workers also complained of stress and heavy workloads and there is no evidence that Perry's workload was a product of discrimination.

### 4. Retaliation

Perry alleges that Lockheed retaliated against her for complaining about being passed over for a promotion and for refusing to "spy" on her supervisor when she was asked to document her supervisor's deficiencies. The district court did not err in holding that Perry failed to make out a *prima facie* case of retaliation. First,

1. The District Court had jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1291 confers appellate jurisdiction.

there is no evidence that Perry told anyone that she believed discrimination had occurred when she was passed over for the promotion or when she allegedly received more work after refusing to "spy" on her supervisor. Accordingly, there can be no retaliation, because there is no indication that Perry's supervisors knew or should have known that Perry had opposed unlawful discrimination. *See Jurado v. Eleven–Fifty Corp.*, 813 F.2d 1406, 1411–12 (9th Cir.1987).

■ Second, there is no evidence that Perry suffered an adverse employment action. After she complained about being passed over for a promotion, Perry was assigned a "lead" position of her own on the "P–453" program. Although Perry maintains that management knew that the P–453 program would not receive follow-on funding and that Perry's assignment to that program was a deliberate attempt to "mislead [her] into an unstable, time-limited position," Appellant's Excerpts at 74, she provided no evidence that this was in fact the case.

Finally, there is no evidence of a causal connection between Perry's refusal to "spy" on her supervisor in November 1997 and her heavy workload. The evidence shows that Perry felt overwhelmed by her work and complained about her late hours at least as early as 1996. Moreover, Perry testified that the project to which she was assigned "was a fairly demanding program in terms of customer deadlines and time pressures," and that she would sometimes be assigned more work "because [management] felt I could do it, and do it faster and better."

5. Implied Covenant of Good Faith and Fair Dealing

■ Perry alleges that an implied covenant of good faith and fair dealing associated with her employment contract prohibited Lockheed from causing her to suffer discrimination and retaliation on the basis of her race and sex. Compl. ¶ 49. She alleges that by failing to promote her; treating her differently from similarly situated employees in the areas of compensation, evaluation and training; retaliating against her; and forcing her to resign, Lockheed breached that implied covenant. *Id.* ¶ 50. Even if such an implied covenant exists, however, there was no breach because—having failed to demonstrate that Lockheed discriminated against her—these same allegations cannot form the basis of a viable theory of a breach of an implied covenant of good faith and fair dealing. To the extent Perry contends that she was terminated in violation of an implied covenant not to terminate her without cause, her claim fails because it was specified at the outset that her employment was "at will" and "at will" employment contracts contain no such implied covenant not to terminate without cause. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 327, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (2000).

For the foregoing reasons, the district court did not err in holding that Lockheed was entitled to summary judgment on Perry's claims.

AFFIRMED.